IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| METROPOLITAN LIFE INSURANCE COMPANY, | )( )( )( | |
| Interpleader Plaintiff. | )( )( | CIVIL ACTION NO. |
| vs. | )( )( | 2:14-cv-594-MHT (WO) |
| VANESSA GORENFLO, JOHN EDWARD BRIGGS, III, and ROSE MARIE BRIGGS | )( )( )( )( | |
| Interpleader Defendants. | )( | |

## CONSENT JUDGMENT

This cause is before the court on the parties' joint motion for entry of consent judgment. Plaintiff Metropolitan Life Insurance Company ("MetLife") filed this interpleader case because the interpleader Defendants Vanessa Gorenflo (Decedent's alleged common-law spouse), John Edward Briggs (Decedent's father), and Rose Marie Briggs (Decedent's mother) submitted conflicting claims for benefits under the Federal Employees Group Life Insurance Policy ("FEGLI Policy"), issued by MetLife, under which the Deceased, Brian Anthony Briggs, was insured through his employment with the Department of the Air Force.

MetLife moved to interplead the FEGLI Policy benefits, in the amount of Four Hundred and Seventy Four Thousand Dollars ($474,000.00) ("FEGLI Benefits) into

this Court for deposit by the Clerk of Court into an interest-bearing account until the Court could determine to whom the benefits should be paid. However, while MetLife's motion to interplead was pending, the interpleader Defendants attended a mediation conducted by Randall B. James and resolved all issues pending between the Defendants in this civil action. The parties now stipulate and agree as follows, and it is ORDERED, ADJUDGED, and DECREED as follows:

1. The joint motion for entry of consent judgment (doc. no. 21) is granted.

2. The motion for leave to interplead funds (doc. no. 20) is withdrawn.

3. Metropolitan Life Insurance Company will not interplead the FEGLI Benefits of $474,000.00 into Court as previously requested, but at the request of the interpleader defendants will instead issue two separate payments which together total the FEGLI Benefits as follows:

   (a) $237,000.00 to Reeves & Stewart PC, Attorneys for Defendant Vanessa Gorenflo;

   (b) $237,000.00 to Penn Law Firm LLC, Attorneys for Defendants John Edward Briggs, III, and Rose Marie Briggs.

4. The parties all agree and stipulate that, following the payments stated in the paragraph above, no parties to this lawsuit will have any additional cognizable

claims for the FEGLI Policy benefits against MetLife, the Office of Federal Employees Group Life Insurance (claim administrator), the United States Office of Personnel Management (federal record-keeping agency) or the United States Department of the Air Force (employer).

5. The parties stipulate that by this Judgment this Court hereby discharges MetLife, the Office of Federal Employees Group Life Insurance, the United States Office of Personnel Management, and the United States Department of the Air Force from liability as to any claims relating to the FEGLI Policy or any FEGLI benefits.

6. The parties also stipulate that the interpleader defendants Vanessa Gorenflo, John Edward Briggs, and Rose Marie Briggs are permanently restrained and enjoined from instituting any other action against MetLife or any subsidiary or related companies, the Office of Federal Employees Group Life Insurance, the U.S. Office of Personnel Management, the United States Department of the Air Force, or any subsidiary or related entities, for the recovery of any FEGLI benefits relating to the death of Decedent, and the interpleader defendants are enjoined from instituting or prosecuting any proceeding in any state or United States court affecting such FEGLI benefits.

7. The interpleader Defendants acknowledge the existence of a common-law marriage between Defendant Vanessa Megan Gorenflo and the Deceased, Brian Anthony Briggs, at issue in this civil action.

8. The remaining terms of the mediated settlement between the Interpleader Defendants are subject to execution for the enforcement thereof with court costs taxed against the party incurring same.

9. Each party is responsible for its own costs and attorney fees.

The clerk of the court is DIRECTED to enter this document on the civil docket as a final judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.

This case is closed.

Done, this the 13th day of March, 2015.

/s/ Myron H. Thompson
United States District Court Judge